IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHARLES ARRON WILLIAMS                                                            PLAINTIFF

v.                                      Civil No. 4:19-cv-04134

SHERIFF RUNYON, Miller County; WARDEN WALKER,
Miller County Detention Center ("MCDC"); CAPTAIN ADAMS,
MCDC; L.T. MILLER, MCDC; SGT. GRIFFIE, MCDC;
CORP. BURNS, MCDC; CORP. HENDERSON; SGT. GUTHRIE,
MCDC; CPL. MOORE, MCDC; CPL. WALKER, MCDC; CPL. WEBB, MCDC;
CPL. SMITH, MCDC; SGT. RODGERS, MCDC; C.O. STUDDER,
MCDC; C.O. FONT, MCDC; C.O. FERREL; C.O. JONES, MCDC;
C.O. BURNS, MCDC; C.O. GOLDEN, MCDC; C.O. LOWBIG, MCDC;
NURSE KING, MCDC MEDICAL STAFF; NURSE REDFEARN,
MCDC MEDICAL STAFF; NURSE ADAMS, MCDC MEDICAL
STAFF; and NURSE CHELSIE, MCDC MEDICAL STAFF            DEFENDANTS

**ORDER**

This is a civil rights action filed by Plaintiff Charles Arron Williams pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. (ECF Nos. 1, 2, 3). The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A. Pursuant to the PLRA, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity, officer, or employee.

**BACKGROUND**

Plaintiff filed his complaint on October 15, 2019. (ECF No. 1). That same day, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis*. (ECF No. 3). The Court also entered an order directing Plaintiff to file an amended complaint by November 5, 2019. (ECF No. 3). The Court's order further directed the Clerk of Court to mail Plaintiff a court-approved section

1983 form to use for filing the amended complaint and stated that Plaintiff's amended complaint should include:

> short, plain statements telling the Court: the constitutional right Plaintiff believes was violated; the name of the Defendant who violated the right; exactly what the Defendant did or failed to do; how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional rights; and what specific injury Plaintiff suffered because of the misconduct of that Defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Plaintiff must repeat this process for each person he has named as a Defendant. Plaintiff is CAUTIONED that he must affirmatively link the conduct of each named Defendant with the specific injury he suffered. If he fails to do so, the allegations against that Defendant will be dismissed for failure to state a claim.

*Id*.

Plaintiff's Amended Complaint was filed on November 1, 2019. (ECF No. 10). Plaintiff lists the following Defendants: Sheriff Runyon, Miller County; Warden Walker, Miller County Detention Center ("MCDC"); Captain Adams, MCDC; Lt. Miller, MCDC; Sgt. Griffie, MCDC; Corp. Burns, MCDC; Corp. Henderson, MCDC; Sgt. Guthrie, MCDC; Cpl. Moore, MCDC; Cpl. Walker, MCDC; Cpl. Webb, MCDC; Cpl. Smith, MCDC; Sgt. Rodgers, MCDC; C.O. Studder, MCDC; C.O. Fant, MCDC; C.O. Ferrel, MCDC; C.O. Jones, MCDC; C.O. Burns, MCDC; C.O. Golden, MCDC; C.O. Lowbig, MCDC; Nurse King, MCDC Medical Staff; Nurse Redfearn, MCDC Medical Staff; Nurse Adams, MCDC Medical Staff; and, Nurse Chelsie, MCDC Medical Staff.

Plaintiff's amended complaint mentions an "incident" which occurred on April 9, 2019. (ECF No. 10). Although, Plaintiff does not specifically state what occurred during the "incident," he states that no officers were present or in the watch tower at the time. *Id.* The amended complaint further asserts that Plaintiff was injured as a result of the "incident," and Plaintiff states that after the "incident" he "was threatened by the Inmates who physically assaulted [him] not to

expose them." *Id*. The Court, therefore, assumes the "incident" involved some sort of altercation with other inmates.

Plaintiff states that his first claim is for "unprofessional conduct, safety and health concerns/ medical concerns," with the date of occurrence reportedly April 9, 2019. (ECF No. 10). Specifically, Plaintiff states that he believes his "equal protection rights were violated by officers who were supposed to be [i]n the watch tower." *Id*. Plaintiff states that there were no officers present in the watch tower at the time of the incident; and, because he is not sure which officers were supposed to be in the tower at the time of the incident, his list of Defendants "consist[s] of everyone who could have been on duty on the date of 04-09-19." (ECF No. 10). Plaintiff further states specifically that Lt. Miller, C.O. Golden, and Sgt. Griffie "came to retrieve [him] after the incident." *Id.* Plaintiff states that after the incident he "laid [in his] rack for days after the [i]ncident before Miller County Officers finally observed three days after the [i]ncident occurred that I was injured." *Id.* Plaintiff states: "I was threatened by the Inmates who physically assaulted me not to expose them. I was barely able to move or function." *Id*. Plaintiff states "I [b]elieve that my equal protection rights were violated by officers who were supposed to be in the watchtower, we are all entitled to safe & clean environment." *Id*. Plaintiff states that he also had serious medical concerns that were not addressed by the Miller County Officers when they "finally observed the incident three days after it occurred." *Id.* Plaintiff states that the officers placed him "in confinement before addressing medical concerns." *Id*. Plaintiff states that he is suing the Defendants in both their official and individual capacities and states the following when asked to describe the custom or policy he believes caused the constitutional violation: "U.S. Constitutional Amendment 8, cruel and unusual punishment inflicted (Medical Staff Neglect)." *Id*.

With respect to Plaintiff's second claim, he states he believes that his Eighth Amendment rights were violated by Nurse Redfearn "for medical staff neglect and the Miller County Officers who took me to confinement before medical after the incident, which is cruel and unusual punishment." (ECF No. 10). Plaintiff states that the only officers he remembers are Lt. Miller, C.O. Golden, and Sgt. Griffie. (ECF No. 10). With respect to his claims against medical staff, Plaintiff additionally names Nurse King, Nurse Adams, and Nurse Chelsie as Defendants. He states that he included the medical team "because for three days I was laying in my rack with severe injuries. I was supposed to be taking meds, and they did not call my name or ask me to sign a refusal. I did not get up to take my meds because I could barely move/function and because I was threatened by my attackers not to expose them." *Id.* Again, Plaintiff states "when Miller County officers finally observed the incident 3 days later, I was took to confinement before given medical treatment, and when I was given medical treatment finally by Nurse Redfearn I was not examined properly. She only asked me if my head hurt as she touched it." Plaintiff states that he listed all the medical team because "I'm not sure if they were on duty and passing out meds the 3 days I was laid up injured and did not call my name or even give me a refusal to sign." (ECF No. 10).

**APPLICABLE LAW**

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it

does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under section 1983. *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

It appears that the Plaintiff's Amended Complaint states two claims: a failure to protect claim; and, a claim for deprivation of medical care. Plaintiff states these two claims against the named Defendants in both their individual and official capacities. The Court will address each claim below.

**A. Failure to Protect**

Plaintiff's first claim seems to be a claim for failure to protect. It appears that Plaintiff is alleging that he was injured when he was attacked by other inmates on April 9, 2019. Plaintiff states that there were no officers present in the watch tower at the time of the incident, and because

he is not sure which officers were supposed to be in the tower at the time of the incident, his list of multiple Defendants "consist[s] of everyone who could have been on duty on the date of 04-09-19." (ECF No. 10). Specifically, Plaintiff states that he believes his "equal protection rights were violated by officers who were supposed to be [i]n the watch tower." *Id.*

Prison officials are required to take reasonable measures to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). This duty is imposed because being subjected to violent assaults is not "part of the penalty criminal offenders pay for their offenses." *Rhodes v. Chapman*, 452 U.S. 337, 347(1981).[1]

To prevail on a failure to protect claim, a plaintiff must satisfy a two-prong test. He must demonstrate: (1) that he was "incarcerated under conditions posing a substantial risk of serious harm; and (2) that prison officials were "deliberately indifferent [to his] health or safety." *See Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011) (internal citation omitted). The first prong is an objective requirement to ensure the deprivation is a violation of a constitutional right. *Id.* The second, however, is subjective requiring a showing that the defendants "both knew of and disregarded 'an excessive risk to inmate's health or safety.'" *Id.* (quoting *Farmer*, 511 U.S. at 837). "An official is deliberately indifferent if he or she actually knows of the substantial risk and fails to respond reasonably to it." *Young v. Selk*, 508 F.3d 868, 873 (8th Cir. 2007). Negligence alone is insufficient to meet the second prong, instead, the official must "recklessly disregard a known, excessive risk of serious harm to the inmate." *Davis v. Oregon Cnty.*, 607 F.3d 543, 549 (8th Cir. 2010) (internal quotation marks and citation omitted).

---

[1] A pretrial detainee's failure to protect claims arise under the Fourteenth Amendment. *See Vaughn v. Greene County*, 438 F.3d 845, 850 (8th Cir. 2006). However, the Eighth Amendment deliberate indifference standard is applied to the claims. *Id.*

6

In the case at bar, Plaintiff's bare allegations, which imply that he was attacked by other inmates, and state that there was no guard in the watchtower at the time of the attack, fail to allege that the named Defendants knew or should have known of the imminent threat or that they disregarded the known threat. Accordingly, Plaintiff's failure to protect claim should be dismissed.

### B. Deprivation of Medical Care

Plaintiff's amended complaint also appears to assert a denial of medical care claim. With respect to this claim, Plaintiff asserts the following allegations: (1) that he had "severe injuries" and that Defendants Miller, Golden, and Griffie took him to confinement before getting him medical treatment; (2) that Defendant Redfearn failed to treat his "severe injuries" properly; and (3) that unknown nurses on duty for three days after the incident, failed to notice him for three days. Specifically, Plaintiff states, "for three days I was laying in my rack with severe injuries. I was supposed to be taking meds, and they did not call my name or ask me to sign a refusal. I did not get up to take my meds because I could barely move/function and because I was threatened by my attackers not to expose them." (ECF No. 10).

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998) (citation omitted). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer*, 511 U.S. at 832. In order to prevail on a claim for deprivation of medical care, an inmate must show that a prison official was deliberately indifferent to his serious medical need. *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997).

"'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)).

"Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "A medical need is serious if it is obvious to the layperson or supported by medical evidence." *Moore v. Jackson*, 123 F.3d 1082, 1086 (8th Cir. 1997).

Considering these constitutional standards, and Plaintiff's allegations, the Court will direct service on Defendants Miller, Golden, Griffie, and Redfearn with respect to Plaintiff's denial of medical care claim.

Plaintiff alleges injuries that should have been recognizable by any person, especially trained nurses. Plaintiff also alleges the named medical defendants either ignored his injuries or failed to provide care once the injuries were known to them. However, Plaintiff has not made any specific allegations regarding Defendants King, Adams, and Chelsie. Rather, Plaintiff alleges that Defendants King, Adams, and Chelsie could potentially have been on duty when he failed to receive his medication. Therefore, the Court will not direct service on Defendants King, Adams, and Chelsie.

The Court will direct Defendants Miller, Golden, Griffie, and Redfearn to respond with the names of any medical staff on duty, with respect to Plaintiff's pill call, during April 9-12, 2019 by separate order.

### C. Official Capacity Claims

Plaintiff has also sued each Defendant in their official capacity. Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In this case, Plaintiff's official capacity claims against Defendants are treated as claims against Miller County. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish Miller County's liability under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted). To establish the existence of an unconstitutional policy, the Plaintiff must point to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999).

Upon review, Plaintiff fails to identify any custom or policy of Miller County which violated his constitutional rights. Accordingly, Plaintiff's official capacity claims should be dismissed.

### CONCLUSION

For above reasons, Plaintiff's failure to protect claim is hereby **DISMISSED WITHOUT PREJUDICE**. Plaintiff's official capacity claims against all Defendants are also hereby **DISMISSED WITHOUT PREJUDICE**. Moreover, Plaintiff's denial of medical care claim against Defendants King, Adams, and Chelsie is likewise **DISMISSED WITHOUT PREJUDICE**. Plaintiff's denial of medical care claim against Defendants Miller, Golden, Griffie,

and Redfearn, remains. Accordingly, the Court will address service on those Defendants by separate order. The Clerk of Court is hereby **DIRECTED** to terminate all Defendants except Defendants Miller, Golden, Griffie, and Redfearn.

    **IT IS SO ORDERED**, this 10th day of January, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge